UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

ROOT BROTHERS FARMS,                            :
                                                :
                                 Plaintiff,     :
                                                :          REPORT AND
            -against-                           :          RECOMMENDATION
                                                :
BIG BIG PRODUCE, INC., YIU CHEUNG CHAN,         :          21-CV-1962 (EK)(MMH)
also known as PAUL Y. CHAN, MARGARET S.         :
CHAN-YAN, MELISSA S. CHAN-NG, and JOSEPH        :
Y. CHAN,                                        :
                                                :
                                 Defendants.    :
                                                :
                                                x
----------------------------------------------------------------------

**MARCIA M. HENRY**, United States Magistrate Judge:

Plaintiff Root Brothers Farms ("Plaintiff" or "Root Brothers") brings this action against

Big Big Produce, Inc. ("Big Big Produce") and Individual Defendants Yiu Cheung Chan, also

known as Paul Y. Chan ("Paul Chan"), Margaret S. Chan-Yan ("Margaret Chan"), Melissa S.

Chan-Ng ("Melissa Chan"), and Joseph Y. Chan ("Joseph Chan"), pursuant to the Perishable

Agricultural Commodities Act, 7 U.S.C. §§ 499a *et seq.* ("PACA"), and New York common law.

Plaintiff alleges that Defendants violated PACA and breached a contract when they purchased

thirteen loads of cabbage but failed to fully pay after receiving the produce. (*See generally* Compl.,

ECF No. 1.)

Before the Court is Plaintiff's motion for default judgment against Defendants. (*See

generally* Mem., ECF No. 16.)[1]  Plaintiff seeks $69,058.50 in damages plus interest and costs. (*Id.*

---

[1] "Mem." refers to Plaintiff's memorandum of law in support of the Motion (ECF No. 16) and
"Mot." refers to the supporting exhibits: (1) a Certificate of Default dated May 25, 2021 against
the Individual Defendants ("05/25/2021 Indiv. Cert. of Default") (ECF No. 16-1); (2) a Certificate
of Default against Big Big Produce dated June 8, 2021 ("06/08/2021 Corp. Cert. of Default") (ECF
No. 16-2); (3) the Complaint; (4) Declaration of Robin L. Root in Support of the Motion for

at 12.)   The Honorable Eric R. Komitee referred the Motion to me for a report and recommendation.   For the reasons set forth below, the Court respectfully recommends that the Motion be **granted in part and denied in part** as follows:  a default judgment be entered against Defendants and that Plaintiff be awarded damages in the total sum of **$81,174.84** plus interest, which includes: (1) the sums owed for the produce in the amount of $69,058.50; (2) pre-judgment interest through the date of this Report & Recommendation in the amount of $11,464.34, plus additional accrued interest of $17.03 per day from tomorrow through the date of judgment; (3) $652 in costs; and (4) post-judgment interest as set forth in 28 U.S.C. § 1961, to run from the date of judgment until the judgment is satisfied.

## I.   BACKGROUND

### A.   Factual Background[2]

The following asserted facts are taken from the Complaint and evidence submitted in support of Plaintiff's motion for default judgment.

Plaintiff, based in Albion, New York, is a licensed seller of "perishable agricultural commodities" as defined under PACA and related federal regulations.  (Compl. ¶¶ 1, 6–8.)  During the relevant time period, Big Big Produce, based in Brooklyn, New York, was a licensed

---

Default Judgment against Defendants, dated June 23, 2021 ("Root Decl.") and supporting exhibits (ECF No. 16-4); (5) Declaration of Steven E. Nurenberg, counsel for Root Brothers, dated June 23, 2021 ("Nurenberg Decl.") and supporting exhibits (ECF No. 16-5); and (6) a proposed order granting Plaintiff's motion (ECF No. 16-6).  As discussed in more detail below, Plaintiff also filed a supplemental declaration of counsel, dated August 2, 2021 ("Nurenberg Supp. Decl.") with a supporting exhibit (ECF No. 18) and a supplemental memorandum of law ("Supp. Mem.") (ECF No. 23) that includes a supplemental declaration from Robin Root, dated December 6, 2021 ("Root Supp. Decl.") (ECF No. 23-1).

[2] When deciding a motion for default judgment, a court must accept the plaintiff's well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor.  *Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187–88 (2d Cir. 2015).

wholesaler of perishable agricultural commodities. (Compl. ¶¶ 1, 8.) Paul Chan was the Chief Executive Officer. (Compl. ¶ 48.) The Individual Defendants were officers, directors, shareholders, or employees of Big Big Produce and were listed as principals on Big Big Produce's PACA license. (Compl. ¶¶ 48–53.)

Between June 9, 2020 and December 12, 2020, Root Brothers and Big Big Produce entered into agreements for Root Brothers to sell and ship 13 loads of cabbage, a "perishable agricultural commodity" under PACA, to Big Big Produce in Brooklyn. (Compl. ¶¶ 9, 24.) Joseph Chan and Robin L. Root ("Robin Root"), a partner of Root Brothers, negotiated each shipment orally by telephone. (Root Suppl. Decl., ECF No. 23-1 ¶ 5.) In each call, Joseph Chan and Robin Root agreed upon the quantity of cabbage and the price for one shipment. (*Id.* ¶ 6.) Root Brothers charged between approximately $4,200 and $6,900 per shipment. (*See* PACA Trust Chart, Nurenberg Decl. Ex. A., ECF No. 16-5; Invoices, Root Decl. Ex. A, ECF No. 16-4.)

After Big Big Produce accepted each shipment of cabbage, Root Brothers sent an invoice reflecting the terms of the oral agreement including the price and quantity of cabbage purchased. (Compl. ¶¶ 10–11.) Each invoice stated, *inter alia*, that it was "Subject to P.A.C.A. Terms" and that "[t]he perishable agricultural commodities listed on this invoice are sold subject to the Statuory Trust Authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 [7 U.S.C. 499e(c) [*sic*]]." (Compl. ¶ 27; Invoices, Root Decl. Ex. D.) Big Big Produce received and accepted each shipment without objections and did not object to the prices or any of the terms stated on the Root Brothers' invoices. (Compl. ¶¶ 10, 12–14.) Accordingly, upon receiving and accepting each shipment, Big Big Produce became a statutory trustee of the PACA trust for Root Brothers' benefit. (Compl. ¶ 26.)

The total amount due for the thirteen shipments, which Big Big Produce agreed to pay, was $73,295.90. (Root Supp. Decl., ECF No. 23-1 ¶ 4.)[3] However, Big Big Produce failed to pay for the cabbage promptly and in full. (Compl. ¶ 46.) Instead, Big Big Produce tendered a partial payment of $4,237.40 for one invoice, leaving a balance of $69,058.50. (PACA Trust Chart, Nurenberg Decl. Ex. A, ECF No. 16-5; Root Supp. Decl., ECF No. 23-1 ¶ 4.)

### B.    Procedural Background

Root Brothers filed the Complaint on April 12, 2021, and served the summonses on April 23, 2021. (Returns of Service, ECF Nos. 6–10.) Defendants failed to answer or otherwise respond to the Complaint. Upon Plaintiff's request, the Clerk of Court entered Certificates of Default on May 25, 2021 for the Individual Defendants and on June 8, 2021 for Big Big Produce. (Request for Cert. of Default, ECF No. 11; Clerk's Entry of Default, ECF Nos. 12, 15.)[4]

Plaintiff moved for default judgment on June 23, 2021, and served copies on each defendant. (Mot., ECF No. 16; Cert. of Service, ECF No. 17.) Judge Komitee referred the motion for report and recommendation. (June 24, 2021 Order Referring Mot.)[5] In a supplemental declaration on August 2, 2021, Plaintiff's counsel informed the Court that Melissa Chan emailed him to acknowledge receipt of the "case file" and to disclaim affiliation with Big Big Produce on behalf of herself and Margaret Chan. (Nurenberg Supp. Decl. Ex. A, ECF No. 18-1.)

---

[3] The total amount was calculated from the 13 invoices Plaintiff submitted in its supplemental papers, in the amounts of $6,813.80; $4,238.60; $5,781.36; $5,461.92; $5,619.36; $5,807.16; $5,993.76; $5,522.04; $5,609.28; $5,033.28; $5,873.88; $5,350.08; and $6,191.38, respectively. (Root Supp. Decl., ECF No. 23-1 ¶ 4.)

[4] Plaintiff's initial request for a certificate of default for Big Big Produce was denied due to improper service of a corporate defendant. (May 25, 2021 Electronic Order.) Plaintiff later filed an Amended Return of Service stating that the recipient of the summons was authorized to accept service on behalf of Big Big Produce. (ECF No. 13.)

[5] The case was reassigned on June 21, 2021.

On October 15, 2021, the Court ordered the parties to appear for a motion hearing and explained how Defendants could appear to address the Motion.  (Notice to Defendants, ECF No. 20.)  On October 19, 2021, Plaintiff served copies of the notices for the hearing.  (Cert. of Service, ECF No. 21; Proof of Service, ECF No. 22.)  At the hearing on November 10, 2021, none of the Defendants appeared, but the Court ordered supplemental briefing.  (Nov. 10, 2021 Minute Entry and Order.)  Plaintiff complied with the Order on December 19, 2021.  (Supp. Mem., ECF No. 23.)

## II.    STANDARD FOR DEFAULT JUDGMENT

Rule 55 of the Federal Rules of Civil Procedure dictates a two-step process to obtain a default judgment.  Fed. R. Civ. P. 55(a)–(b); *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *Nam v. Ichiba Inc.*, No. 19-CV-1222 (KAM), 2021 WL 878743, at *2 (E.D.N.Y. Mar. 9, 2021). Rule 55(a) prescribes that when a party uses an affidavit or other proof to show that a party has "failed to plead or otherwise" defend against an action, the clerk shall enter a default.  Fed. R. Civ. P. 55(a).  If a claim is for "a sum certain or a sum that can be made certain by computation" the clerk can enter judgment.  Fed. R. Civ. P. 55(b)(1).  However, "[i]n all other cases, the party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2); *Victoriano Gonzalez v. Victoria G's Pizzeria LLC*, No. 19-CV-6996 (DLI)(RER), 2021 WL 6065744, at *5 (E.D.N.Y. Dec. 22, 2021). To "enter or effectuate judgment" the Court is empowered to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."  Fed. R. Civ. P. 55(b)(2).

"It is, of course, ancient learning that a default judgment deems all the well-pleaded allegations in the pleadings to be admitted."  *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 108 (2d Cir. 1997); *see also United States*

*v. Two Hundred & Eighty Thousand Dollars & Zero Cents More or Less, in United States Currency*, No. 20-CV-4442 (AMD), 2021 WL 2980540, at *3 (E.D.N.Y. July 14, 2021). "A default . . . only establishes a defendant's liability if those allegations are sufficient to state a cause of action against the defendant." *Double Green Produce, Inc. v. F. Supermarket Inc.*, 387 F. Supp. 3d 260, 265 (E.D.N.Y. 2019) (internal quotations and citation omitted). "[I]t remains the court's responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *J & J Sports Prod., Inc. v. McAdam*, No. 14-CV-05461 (PKC)(CLP), 2015 WL 8483362, at *2 (E.D.N.Y. Dec. 9, 2015).

Courts use the same three-factor test used to set aside a default judgment to determine whether to grant a default judgment. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Specifically, courts examine: "(1) whether the defendant's default was willful; (2) whether the defendant has a meritorious defense to the plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Courchevel 1850 LLC v. Rodriguez*, No. 17-CV-6311 (MKB), 2019 WL 2233828, at *3 (E. D.N.Y. May 22, 2019) (citing *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 170–71 (2d Cir. 2001)).

*First*, a defendant's failure to answer a complaint and respond to a motion for default judgment is considered willful. *United States v. Ireland*, No. CV-153397 (JS)(AYS), 2016 WL 5376248, at *4 (E.D.N.Y. Aug. 8, 2016), *report and recommendation adopted,* No. 15-CV-3397 (JS)(AYS), 2016 WL 5372801 (E.D.N.Y. Sept. 26, 2016); *Acosta v. DRF Hosp. Mgmt. LLC*, No. CV-18346 (DRH)(AKT), 2019 WL 1590931, at *6 (E.D.N.Y. Mar. 13, 2019), *report and recommendation adopted,* No. 18-CV-346 (DRH)(AKT), 2019 WL 1585225 (E.D.N.Y. Apr. 12, 2019) ("When a defendant is continually and 'entirely unresponsive,' defendant's failure to respond is considered willful."). Plaintiff properly served the Summons and Complaint on Big

Big Produce by personal service on an agent authorized to accept service at Big Big Produce's corporate address, and on the Individual Defendants by personal service and postal mail to Big Big Produce's corporate address.  (Returns of Service, ECF Nos. 6–10; Amended Return of Service, ECF No. 13.)  Despite being properly served, Defendants failed to answer the Complaint or otherwise appear in the action.  Moreover, Defendants were also notified of the present motion and failed to respond.  (Cert. of Service of Mot., ECF No. 17; Cert. of Service of Suppl. to Mot., ECF No. 19; Notice to Defendants, ECF No. 20; Cert. of Service, ECF No. 21; Proof of Service, ECF No. 22.)  Defendants' conduct therefore demonstrates willfulness.[6]

*Second*, without an answer to the Complaint, "the Court cannot determine whether a defendant has a meritorious defense and granting a default judgment is favored under those circumstances."  *Avedana v. Casa Ofelia's Bakery LLC*, No. CV-202214 (DG)(AKT), 2021 WL 4255361, at *4 (E.D.N.Y. Aug. 19, 2021), *report and recommendation adopted,* No. 20-CV-02214 (DG)(AKT), 2021 WL 4248857 (E.D.N.Y. Sept. 17, 2021).  As noted, Defendants have failed to answer or provide any defense at all to Plaintiff's claims.  Accordingly, a default is warranted.

---

[6] The Court finds willfulness even though on June 30, 2021, Melissa Chan emailed Plaintiff's counsel to acknowledge receipt of the "case file"—presumably, the Motion.  (Nurenberg Supp. Decl., ECF No. 18 ¶ 10 & Ex. A.)  Melissa Chan expressly stated that she and Margaret Chan have not been associated with Big Big Produce for three years, which precedes the transactions alleged in the Complaint.  (Nurenberg Supp. Decl., ECF No. 18 ¶ 10 & Ex. A.)  However, Melissa Chan and Margaret Chan did not submit any proof of non-affiliation, did not further contact Plaintiff or its counsel, have not responded to the Motion, and have not appeared in the case.  (Nurenberg Supp. Decl., ECF No. 18 ¶¶ 10–13.)  An email to Plaintiff disclaiming all connection with the case cannot be considered a "response" to pleadings.  *See* Fed. R. Civ. P. 8(b) (requirements for asserting defenses); Fed. R. Civ. P. 10 (form of pleadings); *Mattel, Inc. v. Uenjoy Ltd. Liab. Co.*, No. 18-CV-7896 (PKC), 2020 WL 2793005, at *2–6 (S.D.N.Y. May 29, 2020) (denying motion to overturn default judgment and finding willfulness when defendant emailed with plaintiff's counsel prior to entry of default judgment, but did not formally answer); *Chocolatl v. Rendezvous Cafe, Inc.*, No. 18-CV-3372 (CBA)(VMS), 2019 WL 5694104, at *4 (E.D.N.Y. Aug. 16, 2019), *report and recommendation adopted*, No. 18-CV-03372 (CBA)(VMS), 2020 WL 1270891 (E.D.N.Y. Mar. 17, 2020) ("[A] defendant's nonappearance and failure to respond sufficiently demonstrates willfulness.").

*Third*, Plaintiff will be prejudiced if the motion for default judgment is denied because it has "no alternative legal redress." *United States v. Myers*, 236 F. Supp. 3d 702, 708–09 (E.D.N.Y. 2017). In other words, "[w]ithout the entry of a default judgment, Plaintiff[] would be unable to recover for the claims adequately set forth in the Complaint." *Korzeniewski v. Sapa Pho Vietnamese Restaurant Inc.*, No. 17-CV-5721 (MKB)(SJB), 2019 WL 312149, at *4 (E.D.N.Y. Jan. 3, 2019) (quoting *Sola Franchise Corp. v. Solo Salon Studios Inc.*, No. 14-CV-946 (JS)(AKT), 2015 WL 1299259, at *15 (E.D.N.Y. Mar. 23, 2015)). Based on the foregoing, entry of default judgment is permissible.

## III.   LIABILITY

Plaintiff asserts claims against Big Big Produce for breach of contract and violations of PACA, alleging that Big Big Produce failed to pay the balance due pursuant to the Invoices and to maintain PACA trust assets. (Compl. ¶¶ 17–46.) Plaintiff asserts claims against the Individual Defendants for breach of fiduciary duty to PACA trust beneficiaries and unlawful retention of PACA trust assets. (*Id.* ¶¶ 22–29, 47–66.) Plaintiff seeks to hold Defendants jointly and severally liable, requesting declaratory relief recognizing its PACA trust claim, payment of the claim from PACA trust assets, and the creation of a common fund sufficient to satisfy all valid PACA trust claims. (Mem., ECF No. 16 at 3–10.) All the claims are based on the same facts—that Big Big Produce failed to pay for produce Plaintiff delivered, in breach of the terms of the Invoices and, as a result, Plaintiff incurred damages equal to the unpaid total balance of $69,058.50 plus costs of collection.

### A. Breach of Contract Claim Against Big Big Produce (Count I)

Under New York common law, the elements of a breach of contract are: "(1) formation of a contract . . . ; (2) performance by plaintiff; (3) defendant's failure to perform; and (4) resulting

damage." *Shim v. Millennium Grp.*, No. 08-CV-4022 (FB)(VVP), 2009 WL 211367, at *4 (E.D.N.Y. Jan. 28, 2009) (internal quotations omitted). Plaintiff alleges that Big Big Produce breached its contract by accepting the produce as ordered yet failing to remit payment. (Compl. ¶¶ 18–21.) Plaintiff sufficiently pleads all four elements.

With respect to formation of a contract, under New York law, merchants can form oral contracts "if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents[.]" N.Y. U.C.C. Law § 2-201(2); *Henry Avocado Corp. v. Z.J.D. Brother, LLC*, No. 17-CV-4559 (ARR), 2017 WL 6501864, at *5 (E.D.N.Y. Dec. 19, 2017). The sender may object to the writing within ten days. N.Y. U.C.C. Law § 2-201(2). Here, the Complaint alleges that Joseph Chan spoke with Robin Root on multiple occasions to negotiate order quantities and price and during each of those conversations ordered one load of cabbage that Root Brothers agreed to ship. (*See* Compl ¶ 9; Root Supp. Decl., ECF No. 23-1 ¶¶ 5–7.) A writing "in confirmation of the contract"—*i.e.*, the invoices—was sent "within a few days of each shipment" identifying the quantities of cabbage in the shipment and the price Big Big Produce agreed to pay. (Root Supp. Decl., ECF No. 23-1 ¶ 8.) Big Big Produce did not object to the invoices. (Compl. ¶ 13.) Plaintiff therefore pleads the formation of an oral contract documented with invoices.

As to the remaining elements, Plaintiff's well-pleaded allegations, accepted as true, support its performance, Big Big Produce's failure to perform, and Plaintiff's resulting damages. *See Bricklayers*, 779 F.3d at 187–88. Plaintiff delivered thirteen shipments of cabbage to Big Big Produce, consistent with the conversations between Root and Joseph Chan and the invoices confirming the cost of the produce. (Compl. ¶¶ 9–10, 19; Root Decl., ECF No. 16-4 ¶¶ 11, 15.) Big Big Produce, despite receiving each shipment without objections, breached the relevant

contracts by failing to pay the outstanding balance. (Compl. ¶¶ 10, 13–16, 20.) Because Big Big Produce never completed its bargained-for performance, Plaintiff suffered losses of $69,058.50, the outstanding balance, plus interest and the costs of collection. (Compl. ¶¶ 16, 21; Root Decl., ECF No. 16-4 ¶ 15.)

Based on the foregoing, the Court recommends that Big Big Produce be found liable for breach of contract.

## B.  PACA Claims Against Big Big Produce (Counts II, III, IV and V)

"Congress enacted PACA in 1930 to regulate the interstate sale and marketing of perishable produce." *R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 241 (2d Cir. 2006) (internal citation omitted). To protect sellers against losses from slow-paying or unpaying buyers, "Congress amended PACA in 1984 by adding § 499e(c), which requires dealers to hold sales proceeds 'in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents.'" *S. Katzman Produce Inc. v. Yadid*, 999 F.3d 867, 874–75 (2d Cir. 2021) (quoting 7 U.S.C. § 499e(c)(2) and *Am. Banana Co. v. Republic Nat'l Bank*, 362 F.3d 33, 37–38 (2d Cir. 2004) (internal amendments omitted). "[T]he trust is formed at the moment the produce is shipped to the buyer and remains in effect until the seller is paid in full." *Ryeco, LLC v. Legend Produce Inc.*, No. 20-CV-04044 (FB)(RER), 2021 WL 2742873, at *3 (E.D.N.Y. May 24, 2021), *report and recommendation adopted*, No. 1:20-CV-04044 (FB)(RER), 2021 WL 2741605 (E.D.N.Y. July 1, 2021) (citation and internal quotation marks omitted).

PACA "provides a private right of action to trust beneficiaries seeking to enforce payment from the trust." *Double Green Produce, Inc.*, 387 F. Supp. 3d at 267. "Suppliers who have given

the required 'notice of intent to preserve trust benefits,' 'may file trust actions against licensees and persons operating subject to license,' for 'dissipation of [PACA] trust assets.'" *S. Katzman Produce Inc.*, 999 F.3d at 875 (quoting 7 C.F.R. § 46.46(f) and 7 C.F.R. § 46.46(d)(1), respectively, and citing 7 U.S.C. § 499e(c)(3)-(4)).  "'Dissipation' is defined as 'any act or failure to act which could result in the diversion of trust assets or which could prejudice or impair the ability of unpaid suppliers, sellers, or agents to recover money owed in connection with produce transactions.'" *Coosemans Specialties, Inc. v. Gargiulo*, 485 F.3d 701, 706 (2d Cir. 2007) (quoting 7 C.F.R. § 46.46(a)(2)).  Dissipation also includes "the use of the trust assets for any purpose other than repayment of the supplier, including the use of trust assets for legitimate business expenditures, such as the payment of rent, payroll, or utilities." *S. Katzman Produce Inc.*, 999 F.3d at 875 (quoting *Coosemans Specialties*, 485 F.3d at 707 (internal citations omitted)).

Plaintiff alleges that Big Big Produce violated PACA and seeks recognition of its PACA trust claim and payment from PACA trust assets. (Mem., ECF No. 16 at 3–8.)  Specifically, Plaintiff asserts three separate counts under PACA regarding its transactions with Big Big Produce: "failure to pay promptly" in violation of 7 U.S.C. § 499(b)(4) (Count V), "declaratory relief validating PACA Trust claim" pursuant to 7 U.S.C. § 499e(c) (Count II), and "enforcement of payment from PACA Trust Assets" pursuant to 7 U.S.C. § 499e(c)(2) (Count III).  (Compl. ¶¶ 22–34, 40–46.)  Plaintiff also alleges "failure to maintain PACA trust assets and creation of a common fund" for all valid PACA claims against Big Big Produce (Count IV).  (Compl. ¶¶ 35–39.)

### 1. *Enforcement of PACA Trust (Counts II and III)*

To recover proceeds from a PACA-created trust, a Plaintiff must demonstrate the following five elements:

(1) the commodities sold were perishable agricultural commodities; (2) the purchaser of the perishable agricultural commodities was a commission merchant, dealer, or broker; (3) the transaction occurred in interstate or foreign commerce; (4)

the seller has not received full payment on the transaction; and (5) the seller preserved its trust rights by giving written notice to the purchaser of its intention to[ ]do so.

*D'Arrigo Bros. Co. of New York v. KNJ Trading Inc.*, No. 19-CV-1129 (AJN), 2020 WL 2060355, at *3 (S.D.N.Y. Apr. 29, 2020). As set forth below, Plaintiff pleads sufficient facts to demonstrate all five elements.

*First*, Plaintiff easily establishes that it sold "perishable agricultural commodities," defined as "[f]resh fruits and fresh vegetables of every kind and character[.]" 7 U.S.C. § 499a(b)(4)(A); *Double Green Produce, Inc.*, 387 F. Supp. 3d at 267. Here, Plaintiff pleads that it sold cabbage, which fits this definition, to Big Big Produce between June 9, 2020 and December 12, 2020. (Compl. ¶ 9.)

*Second*, Plaintiff also demonstrates that Big Big Produce is a commission merchant, dealer or broker under PACA. Plaintiff alleges that "Big Big Produce is, as was at all times . . . licensed by the [U.S. Department of Agriculture or] USDA to buy and sell, in interstate commerce, wholesale quantities of perishable agricultural commodities under valid PACA license number 20040637." (Compl. ¶ 8.) This allegation comports with the PACA definition of "dealer," which is "any person engaged in the business of buying or selling in wholesale or jobbing quantities, as defined by the Secretary, any perishable agricultural commodity in interstate or foreign commerce . . . ." 7 U.S.C. § 499a(b)(6). Further, Plaintiff submits a copy of Big Big Produce's PACA license, which was valid during the relevant time period in the Complaint. (Root Decl. Ex. B, ECF 16-4).[7] Because Big Big Produce was licensed under the provisions of PACA during the relevant time

---

[7] As of June 23, 2021, the date the motion was filed, the license was still active. As of July 6, 2022, the license was not active. Welcome to PACA Search, *USDA Agricultural Marketing Service*, https://apps.mrp.usda.gov/public_search (Search "Big Big Produce" as Business, Branch or Trade and navigate to "20040637" entry).

period, Big Big Produce is a "dealer" under PACA. *Double Green Produce, Inc.*, 387 F. Supp. 3d at 268 & n.4 (taking judicial notice of a PACA license attached to plaintiff's declaration in a motion for default judgment).

*Third*, Plaintiff also pleads that the transaction "occurred in interstate or foreign commerce," even though Plaintiff and Big Big Produce are both located in New York.  PACA defines "interstate or foreign commerce" in relevant part, to include "commerce between any State or Territory . . . or between points within the same State or Territory[.]"  7 U.S.C. § 499a(b)(3); *see also* 7 U.S.C. § 499a(b)(8) (including in the definition of "interstate or foreign commerce" commodities that are "part of that current of commerce usual in the trade in that commodity whereby such commodity and/or the products [thereof] are sent from one State with the expectation that they will end their transit, after purchase, in another . . . ." ).  "Thus, in keeping with the Supreme Court's broad definition of interstate commerce, even purely intrastate transactions may be subject to the PACA's provisions if they are part of the usual stream of commerce that includes other interstate transactions."  *New Son Yeng Produce N.Y. LLC v. New A & N Food Mkt., Inc.*, No. 13-CV-5012 (RJD)(VVP), 2014 WL 3725874, at *5 (E.D.N.Y. July 25, 2014).  "Because trade in produce has a substantial effect on interstate commerce," an allegation of a wholesale exchange of produce is sufficient to satisfy the requirement that an intrastate transaction is part of the usual stream of interstate commerce. *Id.*  Here, as alleged, Plaintiff, based in Albion, New York, sold the cabbage to Big Big Produce, based in Brooklyn, New York. (Compl. ¶¶ 1–2, 10.)  These facts are sufficient to meet the interstate commerce element.

*Fourth*, Plaintiff establishes that it has not received full payment for the transaction. Plaintiff alleges that it only received $4,237.40 to satisfy the outstanding balance, submitting

invoices in support of these damages. (Compl. ¶¶ 15–16, 20, 28, 33, 45; Invoices, Root Decl., Ex. D, ECF No. 16-4 ¶ 7.)

*Fifth*, Plaintiff preserved its PACA trust rights by giving written notice to Big Big Produce of its intention to do so. *D'Arrigo Bros.*, 2020 WL 2060355 at *3. "A seller or a grower licensed under PACA can preserve their rights to the trust by including required statutory language on the face of their invoices." *Ryeco, LLC*, 2021 WL 2742873 at *6. The relevant statutory language is:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

7 U.S.C. § 499e(c)(4). Plaintiff states that its invoices "for each of the 13 Transactions included the required statutory statement to preserve its rights as a PACA trust beneficiary of Big Big Produce, as contemplated under PACA." (Compl. ¶ 27; *see also* Invoices, Root Decl., Ex. D, ECF No. 16-4.) "Such language is sufficient to preserve Plaintiff's PACA rights." *Giumarra Agricom Int'l, LLC v. Fresh Growers Direct, Inc.*, No. 17-CV-2222 (CBA)(PK), 2018 WL 1136037, at *5 (E.D.N.Y. Jan. 30, 2018), *report and recommendation adopted*, No. 17-CV-2222 (CBA)(PK), 2018 WL 1136085 (E.D.N.Y. Feb. 28, 2018).

Because Plaintiff pleads each of the five required elements to establish a PACA trust claim, the Court recommends that Big Big Produce is liable for the PACA trust violation.

### 2. Failure to Maintain PACA Trust Assets and Creation of Common Fund (Count IV)

PACA forbids any commission merchant, dealer, or brokers from "fail[ing] to maintain the trust as required under section 499e(c) of this title." 7 U.S.C § 499b(4). Plaintiff alleges that "Big Big Produce failed to maintain sufficient PACA Trust Assets to fully satisfy all valid PACA trust claims, including Root Brothers Farms' claim asserted in this lawsuit" and that the failure "has

resulted in Root Brothers Farms suffering damages . . . ." (Compl. ¶¶ 38–39.) This allegation is sufficient to establish Big Big Produce's failure to maintain PACA trust assets.

Plaintiff also asserts that, "as a PACA trustee," Big Big Produce must also "hold the PACA Trust Assets in trust . . . for the benefit of all other unpaid suppliers of produce with valid PACA trust claims." (Compl. ¶ 37.) Plaintiff therefore asks the Court to direct Big Big Produce "to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims" and to enjoin Big Big Produce "from dissipating Trust Assets." (Compl. ¶ 39.) Plaintiff argues that the proposed order will impose "equitable remedies for enforcement of Big Big Produce's duties under PACA." (Mem., ECF No. 16 at 7.)

The Court is not persuaded. Plaintiff "provides no information as to other potential qualified PACA trust claims in support of the sweeping injunctive relief it proposes." *Giumarra Agricom Int'l, LLC*, 2018 WL 1136037, at *5. Plaintiff does not allege facts about similarly situated individuals' or entities' transactions with Big Big Produce other than to request to maintain a common fund on their behalf. "Because Plaintiff's allegations regarding other potential trust claims are speculative and conclusory, the undersigned finds that the request for the creation of a common fund should be denied." *Id.* (denying a similar request from the same Plaintiff's counsel).

### 3. *Failure to Pay Promptly (Count V)*

Under PACA regulations, it is unlawful for "any commission merchant, dealer, or broker . . . to fail or refuse truly and correctly to account and make full payment promptly . . . ." 7 U.S.C. § 499b(4). A failure to make "full payment promptly" occurs where payment is not made "within 10 days after the day on which the produce is accepted." *See* 7 C.F.R. § 46.2(aa)(5); *Giumarra Agricom Int'l*, 2018 WL 1136037, at *4. Parties may "elect to use different times of payment" but

"must reduce their agreement to writing before entering into the transaction and maintain a copy of the agreement in their records." 7 C.F.R. § 46.2(aa)(11).

Here, Defendants' payments were due within 10 days after acceptance of the shipments of produce because the parties did not extend the payment schedule by written agreement. 7 C.F.R. § 46.2(aa)(11). Because "Big Big Produce is a commission merchant, dealer, or broker that has failed to pay Root Brothers Farms $69,058.50 for the cabbage it purchased," Big Big Produce violated PACA in its "[f]ailure to tender prompt payment." (Mem., ECF No. 16 at 8.)

### C. PACA Claims Against Individual Defendants

Plaintiff further alleges that the Individual Defendants are jointly and severally liable for breach of fiduciary duty to control Big Big Produce's PACA trust assets (Count VI). (Compl. ¶¶ 47–58.) Plaintiff also pursues a claim for unlawful retention of PACA trust assets (Count VII) because "Big Big Produce transferred PACA Trust Assets to the [Individual Defendants]," and requests an order directing the Individual Defendants "to disgorge any PACA Trust assets in their possession or control to Root Brothers Farms." (Compl. ¶¶ 60, 66.) However, upon Defendants' default, Plaintiff only requests a finding of liability as to breach of fiduciary duty. (Mem., ECF No. 16 at 8–10.)[8] Because Plaintiff does not pursue the unlawful retention claim on the instant motion, it is waived. *Giumarra Agricom Int'l*, 2018 WL 1136037, at *5.

"Although PACA does not expressly provide that an individual may be held liable for a dissipation of PACA trust assets, [the Second Circuit has] held that the trust created by PACA is governed by general trust principles, unless those principles directly 'conflict[ ] with the PACA statute.'" *S. Katzman Produce Inc.*, 999 F.3d at 875 (quoting *D.M Rothman & Co. v. Korea Com.*

---

[8] In Count II, Plaintiff requests "declaratory relief validating PACA trust claim" against Big Big Produce and the Individual Defendants. (Compl. ¶¶ 23–29.) I construe this as a request for joint and several liability, which will be addressed here.

*Bank of New York*, 411 F.3d 90, 94 (2d Cir. 2005)). "Given the applicability of traditional trust principles, '[a]n individual who is in a position to control the assets of the PACA trust and fails to preserve them, may be held personally liable to the trust beneficiaries for breach of fiduciary duty.'" *S. Katzman Produce Inc.*, 999 F.3d at 875–76 (quoting *Coosemans*, 485 F.3d at 705).

"PACA trustees are required to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities." *Higueral Produce, Inc. v. CKF Produce Corp.*, No. 18-CV-6760 (NGG)(SJB), 2019 WL 5694079, at *6 (E.D.N.Y. Aug. 16, 2019), *report and recommendation adopted as modified*, No. 18-CV-6760 (NGG)(SJB), 2019 WL 5693798 (E.D.N.Y. Sept. 30, 2019) (internal quotations omitted). The benchmark is whether a trustee's "actions or omissions . . . encumbered the funds or rendered them less freely available to PACA creditors." *Ryeco, LLC*, 2021 WL 2742873 at *6.

Plaintiff establishes that the Individual Defendants are jointly and severally liable for Big Big Produce's violation of its fiduciary duties. *First*, Plaintiff alleges that during the relevant time period, Paul Chan was the Chief Executive Officer of Big Big Produce; that Margaret Chan, Melissa Chan, and Joseph Chan were each "an officer, director, shareholder, or employee" of Big Big Produce; and that all of them were listed as principals on Big Big Produce's PACA license. (Compl. ¶¶ 48–51.) Plaintiff also attaches the relevant PACA license and the New York State Department of State Division of Corporations entity information for Big Big Produce, listing Paul Chan as the Chief Executive Officer. (Root Decl. Ex. B, ECF 16-4 at 8; Ex. C, ECF 16-4 at 10.) *Second*, Plaintiff alleges that the Individual Defendants "controlled or were in positions to control Big Big Produce's PACA Trust Assets" and "had full knowledge and [*sic*] responsibility for Big Big Produce's operations and financial dealings." (Compl. ¶¶ 52–53.) In furtherance of this argument, Plaintiff offers that Joseph Chan orally negotiated each of the contracts for the 13 loads

of cabbage with Root, and only purchased one load per call because of Big Big Produce's limited storage space, suggesting his familiarity with Big Big Produce's operations.  (Root Decl. ¶¶ 5–6.)  *Third*, Plaintiff pleads that the Individual Defendants "breached their respective fiduciary duties by failing to ensure that Big Big Produce fulfilled its statutory and regulatory duties as PACA trustee." (Compl. ¶ 57.)  As noted above, Big Big Produce breached its fiduciary duty as PACA Trustee by failing to maintain sufficient PACA trust assets to pay Plaintiff, a PACA trust beneficiary.

"Accepting Plaintiff's allegations as true, [the Individual Defendants] breached [their] fiduciary duty as a PACA trustee and [are] therefore personally liable for the failure to preserve PACA trust assets for Plaintiff's benefit." *Double Green Produce*, 387 F. Supp. 3d at 271 (finding personal liability for individual defendant when plaintiff corporation alleged that defendant was an officer and controlled plaintiff's trust assets, and collecting cases); *see also Top Banana, L.L.C. v. Dom's Wholesale & Retail Ctr., Inc.*, No. 04-CIV-2666 (GBD)(AJP), 2005 WL 1149774, at *5 (S.D.N.Y. May 16, 2005) (collecting cases); *Horizon Mktg. v. Kingdom Int'l Ltd.*, 244 F. Supp. 2d 131, 145 (E.D.N.Y. 2003).  Accordingly, I respectfully recommend that each Individual Defendant be held jointly and severally liable for breach of fiduciary duty.[9]

## IV.    DAMAGES

When considering a motion for a default judgment, a plaintiff must prove any requested damages.  *Barba v. Joy Travel (NY) Inc.*, No. 19-CV-6958 (RPK)(CLP), 2021 WL 3742764, at *4 (E.D.N.Y. Aug. 4, 2021), *report and recommendation adopted,* No. 19-CV-6958 (RPK)(CLP), 2021 WL 3741543 (E.D.N.Y. Aug. 24, 2021); *G & P Warehouse Inc. v. Cho's Church Ave Fruit*

---

[9] As described earlier, *see* footnote 6, *supra*, Melissa Chan's email to Plaintiff's counsel disclaiming all connection with Big Big Produce does not sufficiently rebut Plaintiff's allegations at the default motion stage.  *See Double Green Produce*, 387 F. Supp. 3d at 271.

*Market Inc.*, 15-CV-6174 (NG)(CLP), 2016 WL 5802747, at *6 (E.D.N.Y. Aug. 12, 2016).  In addition to the outstanding balance on the Invoices, Plaintiff seeks pre-judgment interest, post-judgment interest and costs.

### A.  Unpaid Balance

Plaintiff requests the outstanding balance of $69,058.50 for thirteen unpaid invoices for shipments of cabbage.  (Mem., ECF No. 16 at 13.)  Plaintiff substantiates the claim with thirteen invoices in the amounts of $6,813.80, $4,238.60, $5,781.36, $5,461.92, $5,619.36, $5,807.16, $5,993.76, $5,522.04, $5,609.28, $5,033.28, $5,873.88, $5,350.08, and $6,191.38, which totals $73,295.90. (Root Supp. Decl., ECF No. 23-1 ¶ 4.)  *See Hop Hing Produces Inc. v. X & L Supermarket, Inc.*, No. CV 2012-1401 (ARR)(MDG), 2013 WL 1232919, at *8 (E.D.N.Y. Mar. 4, 2013), *report and recommendation adopted*, No. 12-CV-1401 (ARR), 2013 WL 1232483 (E.D.N.Y. Mar. 27, 2013) (basing damages recommendation on invoices submitted as exhibits). Plaintiff reports that Defendants made one partial payment of $4,237.40 for invoice # 20753.  (Root Supp. Decl., ECF No. 23-1 ¶ 4; Root. Decl., ECF No. 16-4 at 15–16.)  The difference between the total invoices ($73,295.90) and the sole payment ($4,237) is $69,058.50.  Accordingly, the Court recommends that the Court award Plaintiff a judgment in the amount of $69,058.50 for the unpaid balances on the invoices.

### B.  Pre-Judgment Interest

For PACA claims, "[t]he decision whether to grant prejudgment interest and the rate used if such interest is granted are matters confided to the district court's broad discretion." *Hop Hing Produces*, 2013 WL 1232919, at *4 (quoting *Endico Potatoes, Inc. v. CIT Group/Factoring, Inc.*, 67 F.3d 1063, 1071 (2d Cir. 1995)) (internal citations and quotation marks omitted).  "In determining whether a plaintiff may recover prejudgment interest, 'the pivotal question is whether

the parties' contract provides for an award of interest and collection costs in favor of [plaintiff].'" *G & P Warehouse*, 2016 WL 5802747, at *7 (citations omitted). "After a court determines that awarding prejudgment interest is appropriate, the court next determines whether the requested interest rate is reasonable." *Id.*

Plaintiff seeks pre-judgment interest of at least $4,550.91, accruing as of June 21, 2021, at an annual rate of 9%. (Mem., ECF No. 16 at 3, 7–13; Root Decl., Ex. D, ECF No. 16-4.) Plaintiff concedes that the invoices are silent as to any interest. (Dec. 12, 2021 Tr., ECF No. 24, at 8:22-23 ("There is no interest provision on the invoices themselves[.]")  The Court's review of the invoices confirms that, which the invoices include PACA statutory language, the terms of the invoice do not include interest payments. "Thus, interest cannot be awarded based on the invoice's language." *Ryeco, LLC*, 2021 WL 2742873, at *9.

Plaintiff argues, however, that it is entitled to pre-judgment interest because the invoices are PACA contracts subject to the New York statutory interest for breach of contract. (Mem., ECF No. 16 at 11-12.) "Where PACA agreements are silent as to interest, courts have awarded [pre-judgment] interest based on the delay in payment." *Ryeco, LLC*, 2021 WL 2742873, at *9. Under New York law, "a plaintiff who prevails on a claim for breach of contract is entitled to prejudgment interest as a matter of right." *Fresco, LLC v. Sunshine Fresh Foods, LLC*, No. 20-CV-8733 (JPO), 2022 WL 902669, at *2 (S.D.N.Y. Mar. 28, 2022) (citing *U.S. Naval Inst. v. Charter Commc'ns, Inc.*, 936 F.2d 692, 698 (2d Cir. 1991) and N.Y. C.P.L.R. § 5001).  Because the PACA invoices are contracts, and Defendants did not pay the amounts due under the contracts, an award of pre-judgment interest is warranted.

Further, interest is "computed from the earliest ascertainable date the cause of action existed" or, where damages accrue on multiple dates, "from the date it was incurred or upon all of

the damages from a single reasonable intermediate date." N.Y. C.P.L.R. § 5001(b).  The applicable interest rate is 9% per year unless otherwise required by statute.  *Id.* § 5004; *Cap. One, N.A. v. Auto Gallery Motors, LLC,* No. 2:16-CV-6534 (PKC)(SIL), 2020 WL 423422, at *6 (E.D.N.Y. Jan. 27, 2020) (awarding pre-judgment interest *sua sponte* at 9% under N.Y. C.P.L.R. §§ 5001 and 5004).

Based on the foregoing, the Court respectfully recommends that pre-judgment interest should be calculated for each unpaid invoice from the invoice's payment due date (*i.e.*, 10 days after Big Big Produce accepted shipment) through the date of this Report and Recommendation at an interest rate of 9%.[10]  Accordingly,  Defendants owe $11,464.34 in pre-judgment interest from the time of breach to the date of this report.  The following chart sets forth the pre-judgment interest calculations owed on each invoice.

---

[10] Plaintiff requests $4,550.91 in pre-judgment interest accruing through June 21, 2021.  (Mem., ECF No. 16 at 13.).  However, Plaintiff submitted calculations supporting the request for the pre-judgment interest based on the number of days each invoice was overdue as of <u>June 23, 2021</u>, the date the motion was filed.  (Nurenberg Decl., Ex. A, ECF No. 16-5.)  To resolve the discrepancy between Plaintiff's dates, the Court calculated the total interest from each invoice's overdue date to the date of this Report and Recommendation.

| Invoice No.[11] | Amt. Due[12] | Due Date[13] | Int. Rate[14] | Per Diem[15] | Int.: Due Date -8/2/22[16] | Total[17] |
|---|---|---|---|---|---|---|
| 20724 | $6,813.80 | 06/19/2020 | 9% | $1.68 | $1,302.09 | $8,115.89 |
| 20753 | $1.20 | 07/07/2020 | 9% | $0.000296 | $0.22 | $1.42 |
| 20789 | $5,781.36 | 08/14/2020 | 9% | $1.43 | $1,024.96 | $6,806.32 |
| 20796 | $5,461.92 | 08/17/2020 | 9% | $1.35 | $964.29 | $6,426.21 |
| 20809 | $5,619.36 | 08/25/2020 | 9% | $1.39 | $981.00 | $6,600.36 |
| 20827 | $5,807.16 | 09/07/2020 | 9% | $1.43 | $995.17 | $6,802.33 |
| 20848 | $5,993.76 | 09/25/2020 | 9% | $1.48 | $1000.55 | $6,994.31 |
| 20867 | $5,522.04 | 10/11/2020 | 9% | $1.36 | $900.02 | $6,422.06 |
| 20886 | $5,609.28 | 10/25/2020 | 9% | $1.38 | $894.87 | $6,504.15 |
| 20901 | $5,033.28 | 11/01/2020 | 9% | $1.24 | $794.29 | $5,827.57 |
| 20920 | $5,873.88 | 11/13/2020 | 9% | $1.45 | $909.56 | $6,783.45 |
| 20916 | $5,350.08 | 12/06/2020 | 9% | $1.32 | $798.11 | $6,148.19 |
| 20963 | $6,191.38 | 12/22/2020 | 9% | $1.53 | $899.19 | $7090.57 |

[11] "Invoice No." refers to the invoice number located on the top right of each invoice Plaintiff sent to Big Big Produce.  (Root Decl., Ex. D, ECF No. 16-4 at 13, 15, 17, 19, 21, 23, 25, 27, 29, 31, 33, 35, 37.)

[12] "Amt. Due" refers to the outstanding payment on each invoice owed to Plaintiff. The amount due for Invoice No. 20753, which had a balance of $4,238.60, reflects the remaining balance after Big Big Produce's payment of $4,237.40.  (PACA Trust Chart, Nurenberg Decl. Ex. A, ECF No. 16-5; Root Supp. Decl., ECF No. 23-1 ¶ 4.)

[13] "Due Date" indicates the date on which payment was due for each invoice (*i.e.*, 10 days after the shipment was delivered).

[14] "Int. Rate" refers to the statutory interest rate of 9% per annum pursuant to N.Y. C.P.L.R. §§ 5001 and 5004.

[15] "Per Diem" refers to the calculated *per diem* interest due.  The Court multiplied the outstanding amount due by the annual rate of .09, then divided that product by 365 days.  For example, for Invoice No. 20724, the *per diem* interest due equals ($6,813.80 x .09) / 365 = $1.68.

[16] "Int.: Due Date – 8/2/22" refers to the calculation of the interest due from each invoice's payment due date through the date of this Report and Recommendation.  The Court determined the number of days between the payment due date and August 2, 2022 and multiplied that by the *per diem* interest due.

[17] "Total" refers to the total amount due on each invoice from the date the payment was due through the date of this Report and Recommendation.

### C.  Post Judgment Interest

Plaintiff further requests post-judgment interest, which "shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a).  The Court therefore respectfully recommends that Plaintiff be awarded post-judgment interest, to be calculated from the date the Clerk of Court enters judgment in this action until the date of payment, at the rate set forth in 28 U.S.C. § 1961.

### D.  Costs

Finally, Plaintiff requests $652.00 in costs, representing $402 for filing fees and $250 for service of process, and attaches the appropriate receipts.  (Mem., ECF No. 16 at 13; Nurenberg Decl. Ex. B, ECF No. 16-5.)  These fees represent "reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients."  *Favors v. Cuomo*, 39 F. Supp. 3d 276, 312 (E.D.N.Y. 2014) (citing *LeBlanc–Sternberg v. Fletcher,* 143 F.3d 748, 763 (2d Cir. 1998)).  The Court respectfully recommends that Plaintiff receive $652 in costs.

## V.   <u>CONCLUSION</u>

In summary, the Court finds that Plaintiff sufficiently alleges Defendants' breach of contract and violations of Section 499(e) of PACA for failure to pay trust funds and failing to pay for goods sold.  Accordingly, the Court respectfully recommends **granting in part and denying in part** Plaintiff's motion for default judgment as follows: a default judgment be entered against Defendants for joint and several liability, and that Plaintiff be awarded damages in the total sum of **$81,174.84** plus interest, which includes: (1) $69,058.50 owed for the produce; (2) $11,464.34 in pre-judgment interest through today's date, (3) additional pre-judgment interest from tomorrow's date through the date of judgment at the rate of $17.03 per day; (4) $652 in costs; and

(4) post-judgment interest as set forth in 28 U.S.C. § 1961, to run from the date of judgment until the judgment is satisfied.  Plaintiff shall serve this Report and Recommendation on Defendants at all known addresses and methods of contact and file proof of service by **August 5, 2022**.

Within 14 days, any party may serve and file objections to this report and recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  Failure to file timely objections will preclude appellate review.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

**SO ORDERED.**

Brooklyn, New York
August 2, 2022

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge